UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 2 1 1994

*Robert M March*

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| CIBOLA COUNTY, NEW MEXICO; | ) |
| CIBOLA COUNTY BOARD OF COUNTY | ) |
| COMMISSIONERS; STEVE BARELA, | ) |
| Chairperson of the Cibola County | ) |
| Board of County Commissioners; | ) |
| BENNIE COHOE, WILLIAM R. DAWSON, | ) |
| FRED J. SCOTT, and RALPH MCQUEARY, | ) |
| Members of the Cibola County Board of | ) |
| County Commissioners; and PATRICIA | ) |
| ARAGON, Cibola County Clerk, | ) |
| Defendants. | ) |

NO. CIV 93 1134 LH/LFG

ENTERED ON DOCKET

4/25/94

## STIPULATION AND ORDER

The United States initiated this action pursuant to Sections 2, 12(d) and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, 42 U.S.C. 1973j(d), 42 U.S.C. 1973aa-1a, and 28 U.S.C. 2201, alleging violations of the Voting Rights Act and the Fourteenth and Fifteenth Amendments arising from Cibola County's election practices and procedures as they affected Native American citizens of the county, including those Native American citizens who rely in whole or in part on the Navajo and Keresan languages.

The plaintiff alleged in its complaint that various election standards, practices and procedures of the defendants unlawfully deny or abridge the voting rights of Native American citizens residing in Cibola County. The challenged practices touch

on voter registration, absentee voting, voter registration cancellation procedures, the selection of polling places, and the failure of the defendants to implement, as required by Section 203, effective bilingual election procedures, including the effective dissemination of election information in the Navajo and Keresan languages.  The challenged practices also concern the failure of defendants to provide for a sufficient number of adequately trained bilingual persons to serve as translators for Navajo and Pueblo voters needing assistance at the polls on election day.

Cibola County is determined and committed to make the election process equally available to Native American citizens, and agrees in the future to comply with the requirements of Sections 2 and 203 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments.

This Court has jurisdiction over the parties and the subject matter of this litigation.  This Decree is final and binding between the parties and their successors in office regarding the facts, claims, and issues raised in the Complaint and resolved herein.  The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Decree and to ensure compliance with Sections 2 and 203 of the Voting Rights Act, 42 U.S.C. 1973, 1973aa-1a, and the Fourteenth and Fifteenth Amendments.

In settlement of this matter, the parties stipulate as to the following facts:

- 2 -

1.   Cibola County has been subject to Section 203 of the Voting Rights Act, 42 U.S.C. 1973aa-1a, since 1984 with respect to the Keresan language.   In 1992, pursuant to the Voting Rights Language Assistance Act of 1992, the County's coverage under Section 203 with respect to the Keresan language was extended based upon the determinations by the Director of the Bureau of the Census pursuant to the Act.  The Director determined that Cibola County is a political subdivision that contains all or part of Indian reservations, wherein more than 5 percent of the American Indian citizens of voting age within the reservations are members, respectively, of the Keresan and Navajo language minority groups who do not speak or understand English adequately enough to participate in the electoral process, and further that  the illiteracy rate of such persons as a group is higher than the national illiteracy rate.   Based on this determination, Cibola County is subject to Section 203 of the Voting Rights Act with respect to the Keresan and Navajo languages, both of which are oral languages.   This determination was published in the Federal Register on September 18, 1992, and became effective upon publication.

2.   Section 203 requires that all information that is provided by Cibola County in English about voter "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," must be provided in the Navajo and Keresan languages to the extent that it is needed to allow language minority group

- 3 -

members to be informed of and participate effectively in the electoral process and all voting-connected activities. 42 U.S.C. 1973aa-1a(c). The provisions of Section 203 apply to all stages of the electoral process, "including, for example the issuance, at any time during the year, of notifications, announcements, or other informational materials concerning the opportunity to register, the deadline for voter registration, the time, places and subject matters of elections, and the absentee voting process." Attorney General's Procedures for the Implementation of the Provisions of the Voting Rights Act for Minority Language Groups, 28 C.F.R. 55.15. Because the Navajo and Keresan languages are historically unwritten languages, defendants are required to furnish oral instructions, assistance and other information relating to registration and voting in the Navajo and Keresan languages. 42 U.S.C. 1973aa-1a(c); see also 28 C.F.R. 55.12(c).

3. Section 2 of the Voting Rights Act requires that citizens be allowed to participate equally in all phases of the election process without regard to race, color or membership in a language minority group.

4. According to the 1990 Census, Cibola County has a population of 23,794 persons, of whom 9,135 (38.5%) are Native Americans. The Native American population of Cibola County includes 6,308 Keres speakers and 1,821 Navajo speakers. The remaining 1,006 Native Americans are not identified in the census by language group. There are 2,590 Native Americans living in the Acoma Pueblo and 3,718 Native Americans living in the Laguna

Pueblo.  There are 1,821 Native Americans living within the Ramah
Navajo Chapter.

5.   According to the 1990 Census, 57.8 percent of the
Navajo voting age population and 18.1 percent of the Pueblo voting
age population in Cibola County do not speak English well enough to
participate effectively in English language elections.   Thus, a
significant proportion of the Native American population of Cibola
County, and a significant majority of Navajos, cannot function in
the electoral process except in the Navajo or Keresan languages.

6.   The Navajo and Keres populations of Cibola County
live in circumstances of significant isolation from the non-Native
American population of the county.   Cibola County is unusually
large in physical terms, and covers a geographic area roughly the
size of the State of Connecticut.   Over four-fifths of the non-
Native American population live clustered within or near the
adjacent incorporated communities of Grants and Milan, close to the
county courthouse.   The Acoma and Laguna population centers are
between 25 and 50 miles away from Grants, the county seat, while
the Ramah Chapter House is approximately 50 miles from Grants.   The
isolation of the Native American population of Cibola County
burdens their access to the franchise.

7.   The problems associated with the geographical
isolation of this area are exacerbated by depressed socioeconomic
conditions.   The 1990 per capita income of Native Americans in
Cibola County was only $4,705, a little over half of the per capita
income of non-Native Americans ($8,343).   While 23.3% of other

- 5 -

families live below the poverty line, 43.5 percent of Native American families are impoverished.  Native American households are more than three times as likely not to have a car or truck as non-Native American households.  The lack of vehicles places a special burden on travel to the county courthouse.  The 1990 Census shows similar disparities for access to telephones.   Within Cibola County, 38.7 percent of households on the reservation areas (Ramah, Acoma and Laguna) lack telephones, compared to 19.2 percent of off-reservation households.

8.  Native American citizens living within Cibola County, suffer from a history of discrimination touching their right to register, to vote, and otherwise to participate in the political process.  Until 1948, Native American citizens of New Mexico were not permitted to vote in state and local elections.  Trujillo v. Garley, C.A. No. 1350 (D.N.M., August 11, 1948).  In 1984, the court in Sanchez v. King, C.A. No. 82-0067-M (D.N.M. 1984), held that the New Mexico state legislative redistricting plan discriminated against Native Americans.

9.  The level of political participation by Native American citizens of Cibola County is depressed.   Voter registration rates in the predominantly Native American precincts have been less than half the rate in non-Native American precincts, and Native Americans are affected disproportionately by voter purge procedures.  Although Native Americans comprise over 38 percent of the county population, fewer than eight percent of all absentee ballots have been from the predominantly Native American precincts.

There is a need for election information in the Navajo and Keresan languages, and a need for publicity concerning all phases of the election process for voters in Ramah, Acoma and Laguna.  The rate of participation by Native Americans on such issues is less than one third of the participation rate among non-Native Americans. There is a need for polling places staffed with trained translators conveniently situated for the Native American population.

Cibola County does not admit that the county has caused or intended the social and economic conditions of the Native American population, their physical location, the need for election information in the Navajo and Keresan languages, or the history of discrimination which Native Americans have suffered.  Cibola County recognizes, however, the impact of these conditions on the access of its Native American citizens to the franchise, and their rights under the Voting Rights Act and the Fourteenth and Fifteenth Amendments.

To bring about compliance with the Voting Rights Act and the Fourteenth and Fifteenth Amendments, the parties have agreed upon the following remedial provisions and have agreed to the entry of this order.  Entry of this Decree shall be final and binding on all of the parties and their successors as to all issues raised in the complaint and resolved herein.  Accordingly, the Court approves the parties' Stipulation, and it is hereby ORDERED, ADJUDGED AND DECREED that:

1.   The defendants, their agents and successors in office are hereby permanently enjoined from failing to comply with

- 7 -

the requirements of Sections 2 and 203 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments.

2.   It is the intent of Cibola County to provide to Native American voters full and complete information as to all election-related matters including, but not limited to, registration, election dates, polling place locations, candidate information, referendum information, absentee voting information, and voter purge procedure information.  It is the further intent of Cibola County, recognizing the particular circumstances of the Native American population of the county, to make all phases of the election process as accessible to the Navajo and Pueblo populations of Cibola County as they are to the remainder of the county's population.

3.   To assist in the effectiveness of this agreement and to protect the Fifteenth Amendment rights of citizens of Cibola County, the appointment of federal examiners for elections in Cibola County is authorized pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. 1973a(a), for at least the period of this agreement.

4.   Cibola County is designated pursuant to Section 3(c) of the Voting Rights Act, 42 U.S.C. 1973a(c) for the period of this agreement, so that during that period no alteration of any voting qualification or prerequisite to voting or any standard, practice, or procedure with respect to voting, may be implemented by Cibola County without prior clearance from this Court or from the Attorney General of the United States.  Such changes include but are not

- 8 -

limited to amendments to the Native American Election Information Program and changes in polling places within Cibola County, and, as to state-mandated changes affecting voting, those practices and procedures with respect to which Cibola County has discretion in implementation or administration.   Cibola County shall notify counsel for the United States within ten days of notification to the county by the Secretary of State of enactment of any changes affecting voting mandated by the state, and provide a copy of the pertinent statute, regulation or order.   Pursuant to this provision, Cibola County shall be permitted to move the Court under Section 3(c) for any modification of the terms of the Native American Election Information Program.

5. In light of the complexity of the issues involved and the evolving nature of the Program, this Stipulation and Order shall remain in effect through March 15, 2004.  Subsequent to March 15, 1999, either party may move for an extension or modification of the terms of the Stipulation and Order.  At least 60 days prior to filing any such motion, the moving party shall give written notice to opposing counsel, and shall engage in good faith negotiations to arrive at a mutually agreeable resolution prior to filing the motion.   If contested, such a motion shall be determined on the basis of whether the county has complied fully with all of the provisions of this Stipulation and Order.

6. Cibola County has adopted the following Native American Language Election Information Program which the Court hereby approves as part of this Decree, as set forth below.   The

- 9 -

purpose of the Native American Language Election Information Program is to ensure the dissemination of election-related information to the Navajo and Keres speaking population of Cibola County, and to make the election process equally accessible to Native American citizens.  This program is intended to provide procedures for disseminating election-related information to the Navajo and Pueblo populations of Cibola County, and to provide procedures by which this program may be improved and modified in the future.

7.   The parties recognize the separate powers and authority of the tribal governments, and nothing in this agreement limits or infringes tribal powers or authority.  Accordingly, where this Stipulation and Order provides for Cibola County to perform acts in consultation and cooperation with the governments of Acoma, Laguna and Ramah, the county is obligated to undertake all good faith efforts to perform such consultation and obtain such cooperation.  The county shall not, however, be required to perform such acts in the face of the refusal of a tribal government after all reasonable efforts by the county.  In the event of any such refusal, the county promptly, and prior to the date for performance of the act or event to be performed by the county, shall notify counsel for the United States of the refusal or noncooperation.  To avoid misunderstanding, the Cibola County Commission and the Cibola County Clerk agree to seek, within 10 days of the date of this Stipulation and Order and at least annually thereafter, meetings on the respective reservation areas with representatives of each

- 10 -

tribal government to discuss their respective governmental structures, schedules, and decision-making processes.

## THE NATIVE AMERICAN ELECTION INFORMATION PROGRAM

A. <u>Intergovernmental Coordination</u>

1. Cibola County and the voting rights coordinators shall request and accept all training, materials and services available from the State of New Mexico in furtherance of the implementation of this program, and shall encourage the production of such materials by the state. The voting rights coordinators shall stay in regular contact with state personnel, including personnel of the Office of the Secretary of State, Bureau of Elections, Office of Indian Rights and the New Mexico Office of Indian Affairs, in order to coordinate state and county activities and efforts, and for advice and assistance associated with the Native American Election Information Program. Cibola County shall encourage the assistance of such state personnel, and shall at all times welcome their presence in the county to assist in implementation of this Program or to assist Native American in any phase of the election process.

2. Cibola County is encouraged to work with other counties in New Mexico and neighboring states which have programs for Native American language minorities to coordinate election activities, including the development of standard terminology for the translation of election materials into Navajo and Keres, and to obtain cost savings in the implementation of effective Native American language programs.

- 11 -

3.   The county shall invite representatives of the All
Indian Pueblo Council (AIPC), the Navajo Elections Administration
(NEA) and officials of the Ramah Navajo Chapter, the Acoma Pueblo,
and the Laguna Pueblo to assist in all phases of the Native
American Election Information Program.  To assist in uniformity and
accuracy in the translation of election materials, prior to
dissemination of any translation, the county shall make available
such translations to tribal officials within Cibola County and to
representatives of the AIPC or the NEA, as appropriate, and shall
provide them with a reasonable opportunity to review and comment
concerning any matter translated.  The county shall keep a written
record of such comments and the county's response to the comments.

B.   Satellite Elections Offices

1.   Cibola County shall establish three Satellite
Election Offices to be staffed in accordance with this agreement.
One office shall be established at a location within the Ramah
Navajo Chapter convenient to the population of the Ramah Chapter.
One office shall be established at a location within the Acoma
Pueblo convenient to the population of the Acoma Pueblo.   One
office shall be established at a location within the Laguna Pueblo
convenient to the population of the Laguna Pueblo.   The
establishment of satellite offices within the Chapter and Pueblo
boundaries shall be with the cooperation and consent of the
appropriate tribal authorities.

2.   Each Satellite Elections Office shall serve as the
principal place for office hours for the voting rights coordinators

- 12 -

provided for in part C of the Program below, as a library of written and recorded election information, as a distribution point for the dissemination of election information, and as a site for the performance of functions related to the election process that can be performed at the county courthouse, including but not limited to registering to vote or updating voter registration information; and casting an absentee ballot.   The Satellite Elections Offices may be used for other governmental purposes as agreed upon in writing by the parties.

3.   Delivery of a voter registration application or performance of any other election-related task at a Satellite Elections Office shall be effective in terms of all time deadlines and requirements as if the application had been delivered to, or the task performed at, the county courthouse.

4.   A supply of all forms and materials necessary to complete these functions shall be maintained at each Satellite Elections Office.  Copies of all materials, information and audio-visual tapes required to be disseminated pursuant to this Decree, including all election-related materials prepared by the state, likewise shall be available in each office, together with appropriate audio-visual equipment.

5.   A voting rights coordinator or tribal elections liaison or other personnel comparably trained in election procedures and appointed as a deputy registrar, shall be available at each satellite office during regular office hours on work days.

C.  <u>Voting Rights Coordinators</u>

     1.  Cibola County shall employ at least three Native American Voting Rights Coordinators who will coordinate the Native American Election Information Program in Cibola County.  One of the voting rights coordinators shall be bilingual in Navajo and English, and shall serve primarily the area of the Ramah Chapter of the Navajo Nation.  Two of the voting rights coordinators shall be bilingual in Keres and English, and one shall serve primarily the area of the Acoma Pueblo, while the other shall serve primarily the area of the Laguna Pueblo.

     2.  The Navajo and Pueblo voting rights coordinators shall be hired by Cibola County after consultation with the officials of the Ramah Navajo Chapter, the Acoma Pueblo, or the Laguna Pueblo as appropriate, and counsel for the United States.  Cibola County recognizes that the ability of the voting rights coordinators to work closely and cooperatively with Chapter and Pueblo officials is an important job-related requirement for the position.  Copies of all applications for these positions shall be provided to the appropriate Chapter or Pueblo officials as such applications are received by the county.  Cibola County shall invite such officials to review all applications and to recommend the names of at least four qualified persons fluent in English and in Navajo or Keres, as appropriate.  In the event that fewer than four names of qualified persons are  recommended, Cibola County shall consult with the appropriate tribal officials and the United States.  Cibola County shall select the voting rights coordinators

- 14 -

from among the names recommended, or shall provide to the Chapter or Pueblo officials and to counsel for the United States prior to the hiring decision a detailed written statement of the basis for its selection.   The two coordinators currently employed by the county may be retained to implement the provisions of this Program.

3.   Cibola County shall develop a job description for each voting rights coordinator in consultation with the officials of the Ramah Navajo Chapter, the Acoma Pueblo, the Laguna Pueblo, and counsel for the United States.   The duties of the voting rights coordinators shall be limited to those specified in the Native American Elections Information Program, and closely related election activities, except as may be provided in a separate written agreement of the parties.

4.   Each of the three voting rights coordinators shall be employed on a full-time basis at least through the February, 1995, school elections, with their time devoted to the Native American Election Information Program.   The parties agree that throughout the life of this Agreement the voting rights coordinators should be active in their employment, and that their time as employees should be fully and productively devoted to the Program or other governmental tasks.   The parties anticipate that subsequent to February 1995, while it will be necessary to employ the voting rights coordinators on a full-time basis during a portion of each year, it likely will be possible for the voting rights coordinators to perform all tasks under the Program on less than a full-time basis, especially in years in which no election is

- 15 -

scheduled.  For each year after February 1995, Cibola County shall devise and adopt a specific schedule detailing the tasks, goals and specific functions to be performed by the coordinators, and time of employment under the Program and under each additional public employment or responsibility for each voting rights coordinator. The schedule shall be adopted by the county after close consultation with officers of the Ramah Navajo Chapter, Acoma Pueblo and Laguna Pueblo and their designees, and with counsel for the United States.  The parties recognize the governmental interest in maintaining these positions in a way that maximizes their effectiveness.   The defendants agree to explore fully other governmental tasks which would be performed by the voting rights coordinators, especially on the reservation areas, so that the county can attract and retain fully qualified personnel.

    5.  The voting rights coordinators shall be trained in all aspects of the election process, shall attend all election seminars conducted by the Secretary of State and the Cibola County Clerk, and shall be appointed county deputy registration officers. Voting rights coordinators shall be fully briefed by the county clerk and the state Director of the Bureau of Elections (or the Director's designee), as appropriate, concerning the coordinators' duties and responsibilities under this Program.  Representatives of the Ramah Navajo Chapter, the Acoma Pueblo, and the Laguna Pueblo, the AIPC and the NEA shall be invited to attend these briefings by written notice 10 days in advance of each training session, and representatives of the United States shall be permitted to attend

these briefings to assist state and local election officials in explaining the requirements of this Program. All voting rights coordinators shall be hired by March 15, 1994, and all county briefings completed by March 28, 1994. Cibola County shall contact the New Mexico Secretary of State by March 15, 1994, to arrange for state training of the voting rights coordinators as soon as possible.

6. The voting rights coordinators shall oversee the county's Native American Election Information Program generally and attend on a regular basis meetings of their respective communities. The coordinator for the Ramah Navajo Chapter shall attend each Ramah Chapter meeting and chapter officers meeting, the coordinator for the Acoma Pueblo shall attend each tribal council meeting and each general meeting, and the coordinator for the Laguna Pueblo shall attend each tribal council meeting and each village meeting. Each voting rights coordinator shall seek to attend and make a presentation of election information at all other public meetings (such as school assembly, parent-teacher organization and senior citizen group meetings) and gatherings (such as for commodity distribution) within their Chapter or Pueblo, consistent with the schedule set forth within.

7. The county shall establish booths or displays at all tribal functions where their presence is permitted by the tribal officers, and at shopping centers and other locations identified by the voting rights coordinators in consultation with tribal officials. The county shall staff such booths or displays with the

- 17 -

voting rights coordinators, tribal election liaisons, or deputy registration officers.

8.   Each county voting rights coordinator shall identify other opportunities to disseminate election information to Native Americans.   Each coordinator shall contact each officer of the appropriate Pueblo or Chapter in January and June of each year of this agreement to identify all groups or meetings before which presentations might be made or displays and booths established. The coordinators shall provide lists of such groups or meetings to each other, to the county clerk, the NEA, and the AIPC, by the close of the relevant month.   Within 30 days thereafter, the voting rights coordinators shall notify the Pueblo and Chapter officers, the NEA, the AIPC, and the United States, in writing of the meetings and groups before which the coordinators will appear.

9.   Each voting rights coordinator shall conduct voter education programs concerning each election within Cibola County which involves any portion of the coordinator's Chapter or Pueblo. Such voter education programs shall include instruction and dissemination of information on at least the following topics: voter registration; absentee voting procedures; voter purge; candidate qualification; voting procedures and operation of voting machines; the contents of the ballot; and all time deadlines and requirements.   The voting rights coordinators shall work primarily out of the respective Satellite Elections Offices.   The voting rights coordinator for Ramah Navajo Chapter shall not be required to be present in the county courthouse for more than five working

days in any month, and the voting rights coordinators for the Acoma Pueblo and Laguna Pueblo shall not be required to be present in the county courthouse for more than eight working days in any month, except as provided by separate written agreement of the parties. The parties recognize that to the greatest extent possible, during the month prior to any election, the voting rights coordinator should be present in the Satellite Elections Office. Circumstances may arise from time to time that require the voting rights coordinator to be present in the county courthouse. In the event that the voting rights coordinator cannot be at the Satellite Elections Office, the county shall insure that the functions of the voting rights coordinator shall be performed by other trained personnel.

10.   The voting rights coordinators, or other county officials, shall maintain a written record of the date and purpose of each visit made for election-related purposes to each meeting held at a Pueblo tribal building, Navajo chapter house, or other sites in the Pueblos and/or the Ramah Navajo Chapter. Within 30 days after each primary, general, school, and special election, each voting rights coordinator shall prepare a written report detailing the coordinator's election-related activities in implementing the goals and provisions of the Native American Election Information Program.

11.   The voting rights coordinators shall conduct the training of all deputy registration officers, poll officials and other election-related personnel who will participate in the Native

- 19 -

American Election Information Program under the supervision of the county clerk.  Each Pueblo Governor and Navajo Chapter President whose chapter is in whole or in part within Cibola County shall be notified, at least two weeks before the scheduled training, of each training session and be invited to send a representative.  Training sessions shall be open to the public and shall be held at convenient locations on the respective reservations, as permitted by tribal officials.  Training shall be conducted at least in part in the Navajo or Keresan languages, as appropriate, so that the election-related personnel shall be familiar with Navajo or Keres terminology for all aspects of their election duties.

12.  Cibola County shall establish a travel and supply budget for the voting rights coordinators which shall be sufficient to cover their travel and supply expenses incurred in carrying out their duties, obligations and responsibilities to effectively implement this Native American Election Information Program on the same basis as for other county travel and supplies.  The parties anticipate that, since the coordinators will be based in their respective geographic areas of responsibility, the need for travel other than for state-sponsored training will involve primarily short trips to sites within the Chapter or Pueblo, with trips as necessary and appropriate to the county courthouse.

D.   Tribal Election Liaisons

1.  Cibola County shall request each Pueblo Governor and the Ramah Navajo Chapter President to identify and appoint at least one individual in each Navajo chapter and Pueblo reservation to serve

as an election liaison between the county and each Pueblo and Navajo chapter for purposes of federal, state and local elections. In the event that tribal election liaisons are not identified and/or appointed, Cibola County shall immediately notify and consult with counsel for the United States to confer on procedures to encourage such appointments.

2.   Tribal election liaisons shall be qualified as deputy registration officers and county election officials shall train these liaisons in all aspects of the federal, state, and local election process, including the schedule of elections, election-related deadlines, absentee voting, the voter registration and purge processes, candidate qualification requirements and procedures, election day activities, and the text and significance of proposed constitutional amendments and other referenda.  In the event of a vacancy in the office of voting rights coordinator, the tribal elections liaison for that Chapter or Pueblo shall succeed to that position as a temporary employee, and shall receive all responsibilities, pay and benefits of the position consistent with state law until a new coordinator takes office.  In the event that any tribal election liaison fails to participate in any portion of the training, the voting rights coordinators shall immediately notify the appropriate Chapter or Pueblo officials and counsel for the United States.

3.   Telephone inquiries from voting rights coordinators, tribal election liaisons, deputy registration officers on the reservations, and tribal officials involved in election activities,

to the county clerk's office and the secretary of state's office respecting election-related matters, are encouraged and shall be considered official government business, and telephone charges associated with any such calls shall be paid by the county.

E.   **Translations**

1.   The following election-related materials and announcements shall be translated into the Keresan and Navajo languages, made available on audio tapes, and provided to the voting rights coordinators at the Satellite Elections Offices by the dates specified:

a.) Detailed election calendar for each year (by April 1, 1994, and for each succeeding year, within 10 days of receipt by the county of information from the state);

b.) State, county and school district election proclamations (by the statutory date of proclamation within 10 days of receipt by the county of information from the state);

c.) Constitutional amendments and other referenda issues on the ballot (within 30 days of the date the English text is determined, and no later than the date of proclamation),

d.) A brief description of each constitutional amendment and other referendum issue on the ballot (by the date of each election proclamation within 10 days of receipt by the county of information from the state);

e.) Candidate qualification requirements and deadlines (60 days prior to the respective qualification deadlines for primary

elections for state and federal offices, primary elections for other offices, independent candidates, and write-in candidates);

f.)   The duties, functions and compensation for each office filled by election involving any part of Cibola County (by April 1, 1994, and for each succeeding year, within 10 days of receipt by the county of information from the state);

g.)   Voter registration deadlines with separate tapes containing deadlines for each type of election (by April 1, 1994, and for each succeeding year, within 10 days of receipt by the county of information from the state);

h.)   Instructions relating to voting by absentee ballot (by April 1, 1994), an explanation of the voter purge process as provided by this Decree (by April 1, 1994);

i.)   The candidates for office and their political parties for each election (by the date on which the ballot is printed); and

j.)   Explanations of voting procedures including the operation of voting machines and how to cast a write-in ballot (by April 1, 1994).

2.  The county may substitute and/or supplement video tapes for audio tapes covering at least the subjects listed above.  All tapes will be edited or new tapes shall be made within 10 days of enactment of any change in election requirements or procedures, so as to reflect and incorporate the new information.  Copies of all tapes and other materials prepared pursuant to this agreement shall be provided to the Acoma Pueblo, Laguna Pueblo, Ramah Navajo Chapter, the NEA, the AIPC, and the United States.

- 23 -

3.  Separate recordings shall be provided for each election-related subject matter so as to avoid lengthy tape recording, and the county shall make every effort to ensure that tape recordings do not exceed five minutes in length.   Separate tapes shall be made, for example, for each separate constitutional amendment or bond issue to be voted on at a given election.   A library of currently applicable tapes, together with English transcripts or text, shall be maintained at each Satellite Elections Office.

4.  The county, through the voting rights coordinators and liaisons, shall engage in all reasonable efforts to see to it that each tape is played in at least one tribal council meeting and one general meeting of the Acoma Pueblo, at one meeting of each village and one meeting of the tribal council of the Laguna Pueblo, and at two Ramah Navajo Chapter meetings, as well as at other public meetings and gatherings during the appropriate publicity period. The county voting rights coordinator, tribal election liaison or other trained bilingual person shall be present to answer any questions concerning the subject matter of the tape, and each voting rights coordinator shall make a formal request to the appropriate tribal official or officials regarding such presentation in a timely manner.   If appropriate tape-playing equipment is not available on the site visited, the county shall provide such equipment to the voting rights coordinators for this purpose.

5.  Native American language audio and/or video tapes described in this agreement shall be available generally to

- 24 -

individuals and organizations at each Satellite Elections Office, the Pueblo of Laguna Tribal offices, the Acoma Tribal office building, and the Ramah Navajo chapter house.

6. The voting rights coordinators shall provide accurate translations of election information. In the event that accurate translations are not provided by the voting rights coordinators, the county shall enter into written contracts with qualified persons so that accurate translations are made. The county may use tapes provided by the state, and may coordinate with other counties of the State of New Mexico in the production of tapes; but Cibola County shall be responsible for addressing promptly and, if necessary, correcting or clarifying any translation upon report from any voting rights coordinator or official of the Ramah Navajo Chapter, the Acoma Pueblo, or the Laguna Pueblo, or any other Navajo or Keres speaker. Disputes as to the accuracy of a given translation which are not promptly resolved by mutual agreement between county officials and Native American leaders will be resolved by a mutually agreed upon third party, and the United States shall be notified of each such dispute. The county shall seek the assistance of the state in identifying and retaining any necessary translators or subject matter experts to assist in translation of technical or complicated election-related materials. In the event that the state fails to provide such translators or subject matter experts, the county shall request the assistance of the Navajo Elections Administration (NEA) for Navajo language

assistance, or the All Indian Pueblo Council (AIPC) for Keresan language assistance.

7.   The translation shall begin as soon as the English text for an item is known, and translation and review of any election-related material shall be completed promptly.   The county's responsibility to ensure prompt and accurate translation of election materials and information, and dissemination thereof, shall extend to materials and information relating to statewide issues, including those published in each Election Proclamation, and to elections of subdivisions of Cibola County, including but not limited to the Cibola County School District.

8.   The voting rights coordinators shall, in consultation with the tribal election liaisons and other tribal officials, develop a series of posters suitable for public display to accompany translated and written notices respecting election matters.

9.   Upon request, Cibola County shall make available all translations and election materials prepared pursuant to this Program to all governmental entities within Cibola County and other counties which endeavor to provide election information to Native American citizens.

F.     Dissemination of Election-Related Information

1.   The county shall plan and publicize meetings at pueblo offices, chapter houses, schools, and other sites convenient to voters of Ramah, Acoma and Laguna at which the voting rights coordinators, tribal election liaisons and other trained personnel

will make oral presentations in the Keresan or Navajo languages with appropriate audio and visual aids, as provided in part E above, according to the following schedule:

a.  During the 45 days prior to each separate deadline for candidate qualification for any federal, state, county, or school office:  the qualifications, duties and compensation of each office and the procedures for qualifying as a candidate.

b.  During the 45 days prior to each separate deadline for registering to vote in any primary, general, school or special election: the voter registration procedures, including the names of local deputy registrars, voter registration cutoff dates, and voter registration locations.

c.  During the 60 days prior to each separate election: the offices to be filled including the duties of each office; the names and party affiliation of each candidate; each ballot proposition, including a brief summary of each proposition and an explanation that detailed information on the ballot proposition is available at each Satellite Elections Office and other locations.

d.  During the absentee voting period for each election: the absentee balloting process, including explanation of what persons are eligible to vote absentee and absentee voting locations; polling place procedures, including the operation of voting machines; procedures for casting a write-in ballot (if and only if there is a write-in candidate); the availability of detailed election information at each Satellite Elections Office; and the availability of trained translators at the polls.

2.   The county shall coordinate publicity efforts with Pueblo and Navajo tribal officials, and with the NEA and the AIPC. The NEA and AIPC will be requested to disseminate all such information through public service announcements on radio and television stations.   All publicity shall be made available to any areas containing Native American population concentrations within Cibola County off the reservation areas identified in consultation with the NEA and AIPC.

3.   Election-related announcements, materials, tapes and other election information shall be made available to all high schools serving residents of the Ramah Navajo Chapter, the Acoma Pueblo, and the Laguna Pueblo to familiarize students with all phases of the election process.

4.   Facsimiles of voting machines or devices shall be made available to the voting rights coordinators for their use in training election-related officers and conducting voter education programs on their respective reservations.

5.   The New Mexico Legislative Council Service publication of Constitutional Amendments Proposed by the Legislature and Arguments For and Against shall be provided to each voting rights coordinator, tribal elections liaison, and deputy registration officer of Cibola County by September 1 of each even-numbered year of the agreement.   Cibola County shall be under no obligation to translate the publication.

6.   Radio and/or Television:   The obligation of Cibola County to make radio and television announcements in the Keresan

- 28 -

and Navajo languages shall be satisfied by "notice" announcements providing a brief general description of the subject matter and an identification of all sites where detailed information is available, including each Satellite Elections Office.  Cibola County shall not be required to broadcast in the Navajo or Keresan languages the full text of constitutional amendments, election proclamations or other lengthy election-related announcements. Cibola County shall distribute tapes for broadcast on all public broadcast stations serving the Navajo and Keres speaking populations of Cibola County, such as to KTDB (Ramah-Navajo); KTNN (Window Rock-Navajo); KGAK (Gallup-Navajo); KUNM (Albuquerque-Keres and Navajo); KNME T.V. ("Pueblo Viewpoints"-Keres) and to other available stations or programs for broadcast in the Keresan and/or Navajo language, as appropriate, regarding:

a.  Deadlines for voter registration for participation in all primary, general, school and special elections involving portions of the Ramah Navajo Chapter, the Acoma Pueblo, and the Laguna Pueblo within Cibola County, including identification of regularly available voter registration sites in each Pueblo or the Ramah Navajo Chapter.  These announcements, shall be made at least twenty times each week for the four weeks preceding the deadlines for both state and federal election registration for each primary and general election.  The announcements shall include a description of the offices to be filled in the election to which the registration deadline applies.

b. Candidate qualification.  Announcements detailing procedures and deadlines for becoming a candidate shall be made daily during the two weeks preceding each candidate filing date, including school board elections.

c. Dates of special, primary, general, and school board elections, a list of the offices to be elected, and the availability of trained translators at the polls and the right of each voter who requires assistance in casting a ballot to be assisted by a person of her or his choice in accordance with federal law.  Announcements shall be made twice a week during at least the three weeks prior to each of the foregoing elections.

d. An explanation of the ballot identifying each office to be filled, each candidate with the candidate's political affiliation, and the nature and significance of each referendum, proposed constitutional amendment(s), or ballot proposition to be decided.  Announcements shall be made twice a week for at least the three weeks prior to each special, primary, general and school board election.  Separate announcements shall be made for (1) federal, statewide and multi-county offices (2) county and local offices, and (3) constitutional amendments and other referenda. Cibola County may coordinate announcements respecting federal, statewide and multi-county offices and constitutional amendments and other referenda with other New Mexico counties.

e. The county shall request that the broadcasters make the above identified announcements times calculated to reach the largest possible Native American audience.  Each announcement shall

- 30 -

refer the audience to the Satellite Elections Offices for detailed information.

    7.  Print Media:  Cibola County shall not be required to publish in the Navajo or Keresan languages the text of election announcements which are published in English in local newspapers. Announcements detailed in paragraph F.6 shall be published on a weekly basis in newspapers of wide readership in the reservation areas, such as the <u>Navajo Times</u>, and in newspapers of wide readership in the reservation areas, such as the <u>Gallup Independent</u>, on a twice-weekly basis for the publicity periods noted in that paragraph.  Cibola County may coordinate such publication with other New Mexico counties.  Each announcement also shall be published in the weekly advertising supplement to the <u>Grants Beacon</u> on the same basis that it is published in the local newspaper of record.

G.    <u>Voter Registration</u>

    1.  The county shall: request each Pueblo Governor, Navajo Chapter President and other tribal officials to recommend six persons qualified to serve as deputy registration officers in Cibola County; request assistance from the NEA and the AIPC in identifying potential deputy registration officers; seek to coordinate state voter registration with Navajo tribal voter registration through reciprocal deputization of deputy registration officers for state and tribal elections; invite school personnel, including each high school principal and parent-teacher organization officer, to become deputy registration officers; and

- 31 -

encourage organized political parties to recommend additional deputy registration officers for election precincts on the reservations. Cibola County shall deputize and train all qualified persons who desire to serve as deputy registrars.

2. Training for deputy registration officers for majority Pueblo and Navajo election precincts in the county shall be conducted on the reservations by the county voting rights coordinators in both English and the Keresan and Navajo languages, as appropriate. In addition to training as to registration standards, regulations and forms, deputy registration officers shall be trained fully regarding the voter purge and absentee voting processes, standards and regulations. Keresan and Navajo language tapes and English transcripts shall be used in the training process, and copies of such materials shall be maintained as provided generally in this agreement.

3. Cibola County shall appoint and train a minimum of six deputy registration officers fluent in English and in Navajo or Keres, as appropriate, in each county precinct which includes any part of the Acoma Pueblo, Laguna Pueblo, or the Ramah Navajo Chapter by April 1, 1994. In the event that fewer than six interested persons are identified by the county, the county shall immediately notify the appropriate tribal officials and counsel for the United States.

4. The names of all deputy registration officers available at each Pueblo or Navajo chapter shall be prominently posted at the Pueblo of Laguna Tribal offices, the Acoma Tribal office building,

- 32 -

the Ramah Navajo chapter house, as permitted by Native American leaders, and at each trading post and/or post office.  Such lists shall be updated within one week of any change in deputy registration officers.  Copies of all lists, and updates thereof, shall be provided to the AIPC, the NEA and the United States within 10 days of posting.

5.   County voting rights coordinators, as part of their outreach efforts, shall conduct special voter registration drives at the Pueblo reservations and Navajo chapters in the county.  The NEA, the AIPC, the appropriate Pueblo and Navajo chapter officers, as well as the tribal election liaisons, shall be consulted as to the best time and place for each registration drive, and notified prior to the scheduled registration.

6.   The county shall monitor, on an ongoing basis, the performance of deputy registration officers.  Each voting rights coordinator shall maintain a record of the number of persons, by tribal affiliation, registered for each month by each deputy registration officer.   The voting rights coordinator shall encourage inactive or unproductive deputy registration officers, and the voting rights coordinator shall promptly appoint and train a replacement for any deputy registration officer who fails to respond to such encouragement.  The county will adopt recognition programs for deputy registrars to encourage registration activity.

7.   The county shall provide each voting rights coordinator and tribal election liaison with current voter registration lists and forms, lists of voters to be purged from the voter registration

- 33 -

lists, and detailed election precinct maps for his or her precinct. Copies of the maps and registration lists shall be maintained and available to the public in each Satellite Elections Office.

H.      **Absentee Voting**

1. The county shall supply applications for absentee ballots to all deputy registration officers on the reservations, county voting rights coordinators, tribal election liaisons, Pueblo governors and lieutenant governors, and Navajo chapter managers and presidents.

2. The county is committed to maximizing absentee voting opportunities at the Satellite Elections Offices. For the forty days immediately preceding the June, 1994 primary election, each voting rights coordinator shall have available an adequate supply of absentee ballot applications and absentee ballots. The voting rights coordinators shall be available at the Satellite Election Offices no fewer than two days per week during this period, and no fewer than three days per week during the last two weeks before the election, and at other sites agreed upon by the parties to assist persons in correctly completing the absentee ballot applications and, where assistance is needed and requested by the voters, completing the absentee ballots. The application and absentee ballot shall immediately be sealed in the proper envelope and, at the voter's option, mailed by the voter or the voting rights coordinator, or shall be delivered to the county clerk's office at the end of the day by the voting rights coordinator.

- 34 -

3.  For forty days immediately preceding the June, 1994 primary election, the county voting rights coordinators shall be notified daily by the county clerk of other voters for their respective areas whose absentee ballot applications have been rejected.  County voting rights coordinators shall assist those persons whose absentee ballot applications have been rejected, in correctly completing a new application and absentee ballot.

4.  From the date of this agreement through the June 1994 primary election, the county shall undertake an intensive campaign of publicity regarding absentee and early balloting, including but not limited to the following: each voting rights coordinator shall post prominently information concerning the availability of absentee voting for the June, 1994 primary at the Pueblo of Laguna Tribal offices, the Acoma Tribal office building, the Ramah Navajo chapter house and at trading posts or post offices on the reservations and at other sites identified by the tribal election liaisons.  The voting rights coordinators shall attend the last two tribal council, general and village community meetings, and the last two Navajo Chapter meetings, prior to the deadline for absentee voting in the June 1994 primary, and at said meetings the coordinators shall: be available with materials at the meetings to assist persons in completing applications for absentee ballots; and shall announce the dates, times and place where voters can cast their absentee ballots with appropriate assistance in the Satellite Elections Offices.  At such meetings, the voting rights

coordinators shall explain that all persons are eligible to cast absentee ballots.

5.   The regular casting of absentee ballots at the Satellite Elections Offices on a daily basis shall be contingent upon the availability of locked rooms or spaces to store ballots and other materials.  In the event that such spaces are not available or will not be available for the entire absentee voting period, Cibola County shall immediately contact counsel for the United States in an effort to identify and implement alternate locations or procedures so as to permit the casting of absentee ballots at convenient sites on each of the reservation areas.

6.   Each voting rights coordinator shall post information concerning the availability of absentee balloting prominently at the Pueblo of Laguna Tribal offices, the Acoma Tribal office building, the Ramah Navajo chapter house and at trading posts or post offices on the reservations and at other sites identified by the tribal election liaisons.

7.   County voting rights coordinators shall be authorized to deliver absentee ballots to voters whose absentee ballot applications have been accepted by the county clerk and to accept completed absentee ballots from eligible voters for delivery to the county clerk.

I.   **Election Day Procedures**

1.  Cibola County shall, after consultation with and subject to the consent of officials of the Ramah Navajo Chapter, the Acoma Pueblo and the Laguna Pueblo, and upon the recommendation of the

respective voting rights coordinators, establish a minimum of two polling places within the boundaries of the Ramah Navajo Chapter; one polling place within the boundaries of the Acoma Pueblo; and six polling places within the boundaries of the Laguna Pueblo.  At least two voting machines shall be provided for the polling place for Acoma.   For each election after the June, 1994, primary election, Cibola County shall provide at least one voting machine for each such precinct for every 150 persons casting ballots on election day, or fraction thereof, at the preceding election.  The parties anticipate that no additional voting machines will be required in order to comply with the provisions of this section in 1994.  If as a result of the June 1994 primary elections, it is necessary to purchase additional voting machines, the parties agree to meet and negotiate in good faith to modify the voter-machine ratio so as to minimize or lessen the financial costs to the county.

2.    Cibola County shall cooperate with the NEA in the establishment of polling places so that the same buildings can be used for Navajo tribal and state elections in separate areas of the same buildings.

3.    Poll officials assigned to each majority Native American election precinct in Cibola County shall be persons who are bilingual in Navajo or Keres, as appropriate, and in English.  The county shall consult with the tribal election liaisons, the NEA and/or Navajo tribal officials of Cibola County, the AIPC and/or other  appropriate  tribal  officials  to  identify  bilingual

- 37 -

individuals qualified to work at the polls.  Alternate translators shall be designated as required by state law.

4.  Poll officials and the voting rights coordinators shall monitor the polls during the course of each election to identify and record each instance in which unreasonable delays occur either in voting or in translation of the ballot.  Where such delays occur, the county shall take whatever steps are necessary, such as providing additional translators and voting machines, to ensure that such delays do not recur in future elections.

5.  Poll officials and translators shall be fully trained, at locations on the Acoma and Laguna Pueblos and the Ramah Navajo Chapter, in the Keresan and Navajo languages, as appropriate, concerning election day procedures at the polling places, the contents and issues appearing on the ballot, and voter purge procedures.  Training shall include translation of the entire ballot and related information in the Keres and Navajo languages. Such training shall include the use of audio and/or video tapes of the entire ballot.  A copy of each such tape or set of tapes shall be provided to each poll official along with an English language sample ballot at least 30 days prior to the election, and the county shall ensure that the poll officials have access to appropriate equipment for playing the tapes during this period. Training sessions shall be followed by oral testing in Navajo or Keres to ensure their effectiveness.

6.   For each voting machine required by state law at each polling place on election day, the county shall appoint at least one trained translator.

7.   Poll officials shall specifically advise each voter who is eligible under state or federal law to receive assistance in casting a ballot that the voter may choose any person to provide that assistance, with the exceptions provided in Section 208 of the Voting Rights Act, 42 U.S.C. 1973aa-6.   After the voter has indicated to a poll official a need for assistance in voting or in reading the ballot in English, the voter's request for assistance shall be noted in the signature roster and it shall be unnecessary for the voter to execute an affidavit of assistance.

8.   Poll officials or other designated county officials shall maintain a record of all persons who come to the polls but are not allowed to vote in each precinct of Cibola County.   This record shall include each voter's name, race, address, the reason the person thought she or he was eligible to vote at that site, and the reason for not permitting the person to vote.

9.   A list of the persons not permitted to vote shall be provided to the appropriate tribal officials, voting rights coordinators, tribal election liaisons, and deputy registration officers of each precinct involving a portion of the Acoma or Laguna Pueblos or the Ramah Navajo Chapter.   The county shall contact each such person and provide an opportunity for that person to register to vote at the earliest possible time.   The voting rights coordinator shall make a report of the list of persons not

- 39 -

permitted to vote, the dates on which they were contacted and registered to vote, and identify such additional training, publicity, or other steps that the coordinator believes would be useful to prevent similar ineligibility among the Native American population in the future.

J.   **Purge Process**

1.   No voter shall be removed from the list of eligible voters or denied the right to vote for failure to vote in any subsequent election.

2.   With regard to voters removed from the list of eligible voters for a failure to vote in 1992, Cibola County shall implement an intensive program to identify persons in Ramah, Acoma and Laguna who were removed from such list, but who still reside in Cibola County.   The county shall provide to the voting rights coordinators, tribal election liaisons, tribal officials, and deputy registrars copies of lists of all persons purged from the voting list for failure to vote in 1992 for their respective precincts.   Copies of the lists shall be sent to Pueblo of Laguna Tribal offices, the Acoma Tribal office building and the Ramah Navajo chapter house in Cibola County with a request that it be posted.   The county voting rights coordinators, tribal election liaisons, tribal officials, and deputy registrars shall review such lists to identify persons still eligible to vote in Cibola County but for their failure to vote in 1992.   It shall be the responsibility of the voting rights coordinators to contact such

- 40 -

persons and assist them in becoming registered to vote for the 1994
elections.

K.    <u>Records</u>

1.  Copies of all tapes and other materials or records
mentioned in this agreement shall be maintained by the defendants.
Cibola County also shall maintain statistical records including but
not limited to:

a.    <u>Voter Registration</u>

--Voter registration, by precinct, on a monthly basis.

--Number of voters, by precinct, who are registered at each
  Satellite Elections Office, by each deputy registrar, and
  at each voter registration drive conducted pursuant to
  this agreement.

b.    <u>Voter Purge</u>

--Total number of voters purged, by precinct, for
  failure to vote.

--Total number of voters retained on the voter
  registration rolls based on certification
  of eligibility by the voting rights coordinators.

--Total number of voters, by precinct, reinstated by
  returning post cards.

--Total number of voters validated by other means
  during the purge period by precinct.

c.    <u>Absentee Voting</u>

--Total number of mail requests for absentee ballots and
  number of absentee votes cast per precinct pursuant
  to mail requests.

--Total number of absentee ballots cast, per precinct,
  in person at the county courthouse.

--Total number of absentee ballots cast in person at each
  Satellite Elections Office.

- 41 -

--Total number of absentee ballots cast, per precinct, in person before a deputy clerk and/or voting rights coordinator on the reservations.

d.   Publicity

--Time and medium of each broadcast (where records are available) or publication pursuant to this agreement.

--Time, place and occasion of presentation by a voting rights coordinator, the subject matter(s) addresses, and the approximate number of persons in attendance.

--Time, place and occasion of each instance in which each election-related video and audio tape was played, and the approximate number of persons in attendance.

The county shall update these records on an ongoing basis and these data shall be maintained for all precincts of Cibola County at the county clerk's office and records pertinent to each reservation area at the appropriate Satellite Elections Office. All tapes, materials and records prepared or maintained pursuant to this Program shall be available for public inspection and copying upon request.

2. Beginning on July 1, 1994, and quarterly during each year for the life of the Settlement Agreement, the county shall compile a Quarterly Report of the efforts taken pursuant to this agreement during the preceding three months. The report shall include the status of Native American voter participation as shown by records in each area addressed in this agreement, together with an assessment of the effectiveness of each phase of the program and a recommendation of the steps to be taken, if any, to improve Native American voter participation. Copies of the report shall be provided to the United States, the Governors of the Acoma and

Laguna Pueblos, the President of the Ramah Navajo Chapter, the AIPC, and the NEA.

L.    Adjustments to Program

1.   It is the goal of Cibola County to provide that the entire election process is fully and effectively accessible to Native American citizens, and the procedures set forth above are designed to achieve that goal.  Cibola County shall evaluate its programs on an ongoing basis through consultation with the tribal election liaisons, the AIPC, Pueblo tribal officials, the NEA and/or Navajo tribal officials of Cibola County, and counsel for the United States.

2.   The parties shall confer in good faith if any party believes that a particular aspect of the Program has proven ineffective.  The parties shall confer at least annually in a good faith effort to improve any aspect of the program which has proven ineffective, in accordance with the Settlement Agreement.  In the event of changes in Native American population patterns in Cibola County, including the development of any new Native American population concentration within the county, the parties promptly shall confer and develop a program for meeting fully the Native American language needs of such population.

### III.   CONCLUSION

This agreement represents the commitment of the parties to provide equal voting rights to all citizens of Cibola County, and the county intends fully and faithfully to implement this Native American Election Information Program.  The parties recognize that

- 43 -

regular and ongoing reassessment of the above outlined Program by the responsible officials will be necessary in order to ensure that Native American voters are able, and will continue to be able, to enjoy equal access to all phases of the political process in Cibola County.

The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Decree and to ensure compliance with Sections 2 and 203 of the Voting Rights Act, 42 U.S.C. 1973, 1973aa-1a, and the Fourteenth and Fifteenth Amendments.

Entered this 21st day of April, 1994.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

- 44 -

Approved as to form and content:

FOR THE PLAINTIFF
UNITED STATES OF AMERICA

DEVAL L. PATRICK
Assistant Attorney General

STEVEN H. ROSENBAUM
J. GERALD HEBERT
JOHN K. TANNER
SUSANNA LORENZO-GIGUERE
STEVEN J. MULROY
SARABETH DONOVAN
Attorneys, Voting Section
Civil Rights Division
Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128
(202) 307-2897


FOR THE DEFENDANTS
CIBOLA COUNTY, ET AL.

ELIZABETH GERMAN
2500 Louisiana Boulevard, N.E.
Albuquerque, New Mexico  87110
(505) 884-2347

ACCEPTED AND AGREED TO:

STEVE BARELA
Chair, Cibola County Commission
     for the Commission

PATRICIA ARAGON
Cibola County Clerk

- 45 -